IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned
IP address 174.102.1.112,

    Defendant.

:
:
:
:

Case No. 3:14-cv-136

JUDGE WALTER H. RICE

---

MEMORANDUM DECISION AND ENTRY SUSTAINING MOTION FOR
LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE
26(f) CONFERENCE (DOC. #2), OVERRULING AS MOOT PLAINTIFF'S
MOTION FOR EXPEDITED HEARING (DOC. #6), AND SETTING FORTH
REASONS FOR ACCOMPANYING ORDER

---

In this suit filed under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, Plaintiff alleges that unknown Defendant John Doe used an online file sharing system to copy and distribute Plaintiff's copyrighted works without authorization. Because the only identifying information of Defendant currently in Plaintiff's possession is an Internet Protocol ("IP") address, Plaintiff has moved the Court for leave to serve a subpoena on Defendant's Internet Service Provider ("ISP") so that it may discover Defendant's identity and pursue its claims.

"Plaintiffs are permitted to bring suit against unnamed 'John Doe' defendants until discovery or other information reveals the identity of the party."

1

*Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010). The ability to sue an unknown defendant would seem stymied by the Federal Rules of Civil Procedure's prohibition against "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)," but that Rule allows an exception for preconference discovery that is authorized by court order. Fed. R. Civ. P. 26(d)(1). Furthermore, Rule 26 of the Federal Rules of Civil Procedure "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574 (1998); *Brainard v. American Skandia Life Assur. Corp.*, 432 F.3d 655, 664 (6th Cir. 2005).

"Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery." *Malibu Media, LLC v. Doe*, No. 2:14-cv-443, 2014 WL 2881531 (June 25, 2014) (citing *Tesuco Holdings Ltd. v. Does 1-12*, No. 3:12-cv-600, 2012 WL 6607894 (E.D. Tenn. December 18, 2012)). "Good cause may be found based upon '(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward.'" *Id.* (citing *Best v. Mobile Streams, Inc.*, No. 2:07-cv-961, 2012 WL 5996222, *1 (S.D. Ohio November 30, 2012)). An examination of the foregoing factors leads the Court to conclude that Plaintiff has shown good cause for the Court to allow expedited discovery.

In support of the first factor, allegations of copyright infringement, Plaintiff states that its Complaint states a well-pleaded prima facie claim for copyright infringement. "To establish copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Here, Plaintiff alleges that it is the owner of a number of copyrights that cover authored works, and Plaintiff has attached an exhibit to the Complaint that lists the titles and the copyright registration numbers of those works. Doc. #1-5. Plaintiff's Complaint alleges that Defendant copied and distributed the works covered by its copyrights without authorization. Doc. #1 at 5-7. Also attached to Plaintiff's Complaint is a document listing the particular works that Defendant is alleged to have distributed and copied, along with Defendant's IP address. Doc. #1-4. Plaintiff has also attached a declaration from its investigator, Tobias Fieser, that describes the investigative techniques he employed to recover Defendant's IP address. Doc. #2-4. The investigator used a type of software that allowed him to scan the BitTorrent network, an online file sharing network, for "infringing transactions involving Plaintiff's movies." *Id*. According to Fieser, a computer using Defendant's IP address connected to his server and transmitted all or a portion of Plaintiff's copyrighted works, and each transmitted file was identified with a "hash tag" unique to the particular file transfer that allegedly involved Defendant. *Id.* Plaintiff's Complaint also contains an exhibit that lists all of the

3

hash tags that allegedly belonged to the files that Defendant copied and distributed. Doc. #1-1. The Court finds that the foregoing allegations adequately state a prima facie violation of the Copyright Act of 1976.

The second factor to examine is whether there will be a danger that the ISP will not preserve the information that Plaintiff seeks. Plaintiff argues that an Internet Service Provider ("ISP") only maintains logs that associate an IP address with a particular subscriber for "a short period of time." Doc. #2-1 at 3. The period of time that Defendant's particular ISP maintains such logs is unknown. It may be weeks or months. However, because such records are subject to deletion, this factor also weighs in favor of granting Plaintiff's motion.

Third, the Court must consider whether the information sought is narrow in scope. Here, Plaintiff seeks the following information from Defendant's ISP: Defendant's name, address, telephone number, and e-mail address. Plaintiff argues that this information is "limited and specific" and is what is required to enable it to serve process on Defendant. The Court agrees. Defendant's ISP may have other information in its possession that is relevant to Plaintiff's claims, such as records of Defendant's online activity or downloading history. However, Plaintiff only seeks information to identify Defendant for the purpose of effecting service of process, which is the immediate and pressing requirement at this preliminary stage of the litigation. Because Plaintiff only seeks information to assist it in identifying Defendant for the purpose of serving Defendant with notice

4

of this lawsuit, the Court finds that the third factor also warrants granting Plaintiff's motion.

Finally, the Court must consider whether the "expedited discovery would substantially contribute to moving the case forward." *Malibu Media, LLC v. Doe*, No. 2:14-cv-443, 2014 WL 2881531 (June 25, 2014). Here, Plaintiff is currently unable to serve process on Defendant because Defendant's identity is still unknown. The discovery in question would not only contribute to the case moving forward, it appears to be the only means by which the case *can* move forward. Thus, the fourth factor also weights in favor of granting Plaintiff's request. Accordingly, the Court will sustain Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. #2).

However, the Court must still set forth the particular procedure to be followed. The United States District Court for the District of Columbia considered the same request from Plaintiff in another copyright infringement action, and crafted a unique procedure that allowed Plaintiff to subpoena the ISP for the Defendant's identifying information while still protecting the right of the ISP or the Defendant to challenge the subpoena. *See Malibu Media, LLC v. John Doe*, --- F. Supp. 2d ---, 2014 WL 2206397 (D.D.C. May 28, 2014). In that case, the order required the ISP to give notice to its subscriber of the subpoena ten days before releasing the subscriber's information to Plaintiff, and allowed both the subscriber and the ISP thirty days to file a motion to quash the subpoena after the date of

5

service. The Court approves of the procedure adopted by that court and will adopt the foregoing procedure the attached Order.

For the foregoing reasons, the Court SUSTAINS Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. #2). Because said motion to is sustained, the Motion for a Hearing (Doc. #6) addressing the issues raised on the motion is OVERRULED AS MOOT.

Date: July 15, 2014

                                        WALTER H. RICE
                                        UNITED STATES DISTRICT JUDGE